UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| CASHMAN EQUIPMENT CO. | CIVIL ACTION NO. |
|---|---|
| | SECTION:     DIVISION: |
| VERSUS | |
| | JUDGE |
| | MAG. Judge |
| K3 LOGISTICS, LLC | *Jury Trial Requested* |

**COMPLAINT**

**NOW INTO COURT**, through undersigned counsel comes Cashman Equipment Co. ("Cashman"), which files this Complaint and respectfully represents the following:

**PARTIES**

1.

Plaintiff, Cashman Equipment Corp., is a corporation incorporated pursuant to and existing under the laws of the State of Massachusetts, with its registered office and principal place of business in the County of Norfolk at 41 Brooks Drive Braintree, Massachusetts 02184.

- 1 -

2.

Defendant K3 Logistics, LLC ("K3") is a Texas limited liability company, organized pursuant to an existing under the laws of the State of Texas, with its principal place of business in the county of Shelby at 1017 Southview Circle, Center, Texas 75935. Citizenship of a limited liability company is determined by the citizenship of each of its members. *See Harvey v. Grey Wolf Drilling Co* 542 F. 3d 1077, 1080 (5th Cir. 2008). Upon information and belief, K3 is a limited liability company comprised of four (4) members, all of whom are citizens and residents of the State of Texas. As such, K3 is a citizen of the State of Texas for purposes of invoking this Court's jurisdiction under 28 U.S.C. § 1332.

**JURISDICTION AND VENUE**

3.

The United States Eastern District Court of Louisiana has original jurisdiction pursuant to 28 U.S.C. § 1333 because the dispute arises out of a maritime contract for the provision of vessels. In addition, the Agreement at issue has a venue provision in the Eastern District Court of Louisiana.[1]

4.

---

[1] Please see Exhibit A page 6 § 17.

Venue is proper in the United States Eastern District Court of Louisiana pursuant to 28 U.S.C. § 1391(b)(2) because the controversy arises out of a maritime contract in which a portion was to be performed within this judicial district.

### THE BAREBOAT CHARTER AGREEMENTS

5.

Cashman is the owner of two (2) vessels, JMC 24 and JMC 44.

6.

Cashman and K3 entered into two (2) Bareboat Charter Agreements[2] (collectively "Agreements") on the 22nd of October, 2017, which were both amended on the 31st day of January, 2018 (collectively "Amendments")[3] for vessels JMC 24 and JMC 44.

7.

The Agreements state that Charterer (K3) has inspected the vessels and found them to be "in acceptable condition for its intended purpose[4]." In addition, K3 has agreed to take the vessels in "as is/where is" condition[5].

8.

---

[2] Please see Exhibit A.
[3] Please see Exhibit B.
[4] Please see Exhibit A at §2.
[5] *Id.*

- 3 -

K3 and Cashman signed an Exhibit "1" to the Agreements entitled *Protocol of Delivery and Acceptance* ("Exhibit 1"). Exhibit 1 was dated October 29, 2017, and stated that K3 accepted the vessels in their current condition, which, according the Agreements, was "conclusive evidence that the Vessel is seaworthy, in good condition and fit and proper for the services for which Charterer shall use it.[6]"

9.

The Agreements contemplated a one-time payment of $225,000 per vessel ($450,000) total in order for Cashman to ready the vessels for delivery. The daily rate in the Agreements is $25,000 per vessel.

10.

According to the Agreements, K3 was to have "full use exclusive possession, control of, and responsibility for the Vessel[s]." K3 was to "operate the Vessel at its expense or by its own procurement throughout the term of th[e] Agreement[s]."

11.

On October 13, 2017, Qubed Limited, L.C. performed an *On Charter Report of Survey* for K3, and found that the JMC 24 vessel's "hull, machinery, and equipment are in satisfactory condition and suited for her intended purpose[7]."

---

[6] Please see Exhibit A at § 5.
[7] Please see Exhibit C at page 24.

12.

On October 17, 2017, Qubed Limited, L.C. performed an *On Charter Report of Survey* for K3, and found that the JMC 44 vessel's "hull, machinery, and equipment are in satisfactory condition and suited for her intended purpose[8]

13.

On January 31, 2018 two Amendments (for both JMC 24 and JMC 44) to the Agreements, both of which were entitled *Amendment No. 1* changed the daily rate for both vessels to $22,000 commencing on January 1, 2018[9].

### MATERIAL BREACH BY K3

12.

K3 paid Cashman $8,237,296.28, but owed $9,563,136.48[10].

13.

K3 currently owes Cashman $1,325,840.20 (the "Contract Balance"), plus accrued and accruing interest. The Contract Balance has been due and owing in excess of 120 days and continues to accrue interest at a rate of eighteen percent (18%) per annum in accordance with the Agreements.

14.

---

[8] Please see Exhibit D at page 25.
[9] Please see Exhibit B.
[10] Please see Exhibit E.

The Agreements also contemplate the ability to recover attorney's fees for the prevailing party. K3 owes Cashman attorney's fees for the recovery of the agreed upon sums owed.

15.

Cashman asserts causes of action against K3 for declaratory relief and monetary damages resulting from a material breach of the Agreements by K3 by not paying Cashman any and all amounts due.

**WHEREFORE**, Plaintiff, Cashman Equipment Corp., prays that this Honorable Court, after due proceedings are had, render judgment in its favor and against defendants, K3 Logistics, LLC, as follows:

1. An order from this Honorable Court declaring rights and obligations of the parties, including but not limited to a declaration that K3 is in material breach of both Agreements and Cashman is entitled to full payment by K3 up to the full amounts.

2. A judgment in the principal sum of $1,325,840.20 and all other provable damages sustained by Cashman.

3. An award of interest of 18% of all outstanding balances.

4. An award of reasonably attorney's fees, costs of this action, judicial interest, and other related expenses incurred by Cashman in bringing this action.

5. An award of all statutory penalties and costs owed to Cashman due to K3's failure to satisfy its obligations to Cashman.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Cashman demands trial by jury in this action of all issues so triable.

RESPECTFULLY SUBMITTED

**THE BRADLEY LAW FIRM, P.L.LC.**

By: _____

**JARRED P. BRADLEY, ESQ.**
Bar Roll No.: 33460
3421 N. Causeway Blvd. Suite 105
Metairie, LA 70002
Telephone: (504) 875-1015
Facsimile: (504) 613-0508
E-mail: jarred@thebradleylaw.com

**JACK M. CAPELLA, ESQ.**
Bar Roll No.:14893
3421 N. Causeway Blvd., Ste. 105
Metairie, LA 70002
Telephone: (504) 329-3194
Fax: (504) 835-7387

**Please issue the attached summons:**

K3 Logistics, LLC
Through its Agent for Service of Process
Clay Bush
20079 Stone Oak Parkway
Suite 1240
San Antonio, TX 78258